UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BROWN,<br><br>   Plaintiff,<br><br>  v.<br><br>COUNTY OF MARIPOSA; DOUG BINNEWIES; CODY HART; SEAN LAND; JOHN C. FREMONT HEALTHCARE DISTRICT; and DOES 1-30,<br><br>   Defendants. | 1:18-cv-01541-LJO-SAB<br><br>MEMORANDUM DECISION AND ORDER RE DEFENDANT JOHN C. FREMONT HEALTHCARE'S MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF No. 32) |

## I. INTRODUCTION

Plaintiff Jeffrey Brown ("Plaintiff") was injured during the course of his arrest and was taken to the Mariposa County Jail, where he alleges that he was denied necessary medical care for more than five months. Plaintiff brings this case against the County of Mariposa; County employees Cody Hart, Sean Land, and Doug Binnewies; John C. Fremont Healthcare District ("Fremont"); and Does 1-30, alleging deliberate indifference under 42 U.S.C. § 1983, a related municipal liability claim premised upon *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), and a state law cause of action under California's Bane Act, Cal. Civ. Code § 52.1, *et seq*.

Before the Court for decision is Defendant Fremont's motion to dismiss the *Monell* claim and the punitive damages prayer from the Second Amended Complaint. ECF No. 32. Plaintiff opposed. ECF No. 35. Defendant replied. ECF No. 36. This matter is suitable for disposition without oral argument. *See* Local Rule 230(g).

1

## II. BACKGROUND[1]

On July 2, 2017, Plaintiff was injured while being arrested and was taken to the Mariposa County Jail. ECF No. 31, Second Amended Complaint ("SAC") ¶¶ 1, 16. He suffered injuries to his face that broke and splintered the bones around his right eye and cheek creating "deformity, swelling[,] and pain." *Id.* at ¶ 17. He also suffered injuries to his jaw. *Id.* In addition, his right shoulder was injured, including a broken bone and tearing to his cartilage, tendons, and ligaments, resulting in "swelling, deformity, limitation of movement[,] and pain." *Id.*

Defendants Hart and Land were at all relevant times correctional lieutenants/commanders of the Mariposa County Jail. *Id.* ¶¶ 7-8. Mariposa County contracted with Defendant Fremont to provide on-site medical services to the Mariposa County Jail. *Id.* ¶ 11. The orthopedist who evaluated Plaintiff's shoulder injury and the "multiple doctors or surgeons" who examined Plaintiff's facial injuries informed Fremont, Hart, Land, Does 1-20, and Mariposa County that Plaintiff needed immediate surgeries and that delay would result in additional medical procedures, more complicated medical procedures, or both, which would likely result in worse outcomes than if medical care were rendered sooner. *Id.* ¶ 20. Despite being aware of the doctors' recommendations, these Defendants refused to allow Plaintiff to have the surgeries. *Id.* ¶ 21.

Plaintiff remained in the Mariposa County Jail until he was tried and acquitted of all felony charges arising from the arrest. *Id.* ¶ 28. He was released on November 14, 2017. *Id.* Plaintiff had the first set of surgical procedures to address his facial fractures on December 15, 2017, and he underwent shoulder surgery on May 5, 2018. *Id.* ¶¶ 29, 30. The shoulder surgery was "only a partial success" due to improper healing resulting from Defendants' delay, and the facial surgery likewise was more complicated and less successful than it would have been had it taken place in a timely manner. *Id.* As a

---

[1] Unless otherwise noted, the facts are taken from the SAC, ECF No. 31. For purposes of Defendant's motion to dismiss, all alleged material facts are construed in the light most favorable to the Plaintiff. *Coalition For ICANN Transparency, Inc. v. VeriSign, Inc.*, 611 F.3d 495, 501 (9th Cir. 2010).

2

result, Plaintiff continues to experience pain, disfigurement, and diminished capacity in both his face and shoulder. *Id*. ¶ 31.

\\\

### III. <u>LEGAL STANDARD</u>

Dismissal is appropriate under Rule 12(b)(6) of the Federal Rules of Civil Procedure when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch LTD. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Id*. at 555

3

(internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

# IV. **DISCUSSION**

Fremont moves to dismiss the *Monell* claim, the only claim leveled against Fremont. The *Monell* claim was previously dismissed with leave to amend. In a May 6, 2019 Order, this Court set forth the applicable standards:

> . . . *Monell*, [] 436 U.S. 658 [], [] provides that municipalities may be liable for unconstitutional acts under § 1983. *Monell* is clear, however, that "a municipality cannot be held liable under § 1983 *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." 436 U.S. at 691. Instead, a municipality can only be held liable for injuries caused by the execution of its policy or custom or by those whose edicts or acts may fairly be said to represent official policy. *Id.* at 694. A "policy" is a "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008). "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)). More generally, a plaintiff must show the following: (1) the plaintiff was deprived of a constitutional right; (2) the defendant had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County*, 237 F.3d 1101, 1110-11 (9th Cir. 2001).
>
> A policy or custom may be shown under *Monell* by establishing the existence of: (1) conduct pursuant to a formal or expressly adopted official policy; (2) a longstanding practice or custom which constitutes the "standard operating procedure" of the local government entity; (3) the decision of a decision-making official who was, as a matter of state law, a final policymaking authority and whose edicts or acts may fairly be said to

4

represent official policy in the area of decision; or (4) that an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate. *See Thomas v. County of Riverside*, 763 F.3d 1167, 1170 (9th Cir. 2014); *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). A policy is "deliberate choice to follow a course of action . . . made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Fogel v. Collins*, 531 F.3d 824, 834 (9th Cir. 2008) (same). "In addition, a local governmental entity may be liable if it has a 'policy of inaction and such inaction amounts to a failure to protect constitutional rights.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir. 2001) (quoting *Oviatt*, 954 F.2d at 1474). A custom is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 890 (9th Cir. 1990). An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (internal quotation marks omitted). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). However, "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the [municipality] and the opportunity to conform to constitutional dictates.'" *Connick v. Thompson*, 563 U.S. 51, 63 n.7 (2011).

Additionally, a municipal defendant is liable only where the municipality's policies or customs "evince a 'deliberate indifference' to the constitutional right and are the 'moving force' behind the constitutional violation." *Edgerly v. City & County of San Francisco*, 599 F.3d 946, 960 (9th Cir. 2010). Deliberate indifference exists "when the need for more or different action 'is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need.'" *Oviatt*, 954 F.2d at 1477 (quoting *City of Canton v. Harris*, 489 U.S. 378, 390 (1989)). The deliberate indifference standard for municipalities is an objective one. *Castro*, 833 F.3d at 1076. To show that a policy or custom is the "moving force" behind a violation, a plaintiff must allege facts proving that the policy or custom was "closely related to the ultimate injury," *City of Canton*, 489 U.S. at 391, that is, the constitutional violation was caused by the municipal policy or custom. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985).

Allegations concerning *Monell* liability based on the existence of a policy are subject to the pleading requirements of *Twombly*/*Iqbal*. As the Ninth

> Circuit has explained, even in the context of a *Monell* claim, a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). While the Ninth Circuit previously had a liberal pleading standard for *Monell* claims, "[c]ourts in this circuit now generally dismiss claims that fail to identify the specific content of the municipal entity's alleged policy or custom." *Little v. Gore*, 148 F. Supp. 3d 936, 957 (S.D. Cal. 2015) (citation omitted).

ECF No. 30 at 14-17.

In its May 6, 2019 Order, the Court indicated that the then-operative First Amended Complaint ("FAC") hedged on the theory of *Monell* liability it relied on, citing both a potential express written policy or a longstanding unwritten practice or custom, but found that the "thrust of the FAC is that the named Defendants failed to establish written policies, leading to an unwritten practice that permitted correctional officers to deny Plaintiff access to medically necessary surgeries." ECF No. 30 at 18. The Court explained that this type of claim required allegations that the "facts available to [entity] policymakers put them on actual or *constructive notice* that the particular omission is substantially certain to result in the violation of the constitutional rights of their citizens," and was evaluated under the *Monell* practice or custom framework, which requires proof of practices of a sufficient duration that the conduct can be said to form a traditional method of carrying out policy at the entity. *Id*. (reviewing relevant caselaw). Judged against this standard, the FAC's allegations, which were devoid of any allegations of similar incidents, were deemed insufficient. *Id*. at 18-19.

This time around, the SAC attempts to shift gears by abandoning any attempt to demonstrate a custom or practice and instead indicating that Defendants "have adopted a policy of giving non-medically trained correctional staff the authority to make the final determination about an inmate receiving medically necessary treatment." SAC ¶ 37. As mentioned, a policy or custom may be shown

6

under *Monell* by establishing the existence of "conduct pursuant to a formal or expressly adopted official policy," but the SAC's allegations of the existence of a formal policy are entirely conclusory. In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the existence of an unlawful policy. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012). As one district court observed: "[w]hile the Court recognizes the inherent difficulty of identifying specific policies absent access to discovery, that is nonetheless the burden of plaintiffs in federal court." *Jones v. Cty. of Contra Costa*, No. 13-CV-05552-TEH, 2016 WL 1569974, at *2 (N.D. Cal. Apr. 19, 2016). That burden is particularly important where it is "facially implausible" that the municipal defendant maintains the policy as alleged. *Id*. *Jones* concerned an extreme example of an allegation that a municipal defendant maintained a policy that required police officers to attack people during traffic stops without justification. *Id*. While the alleged policy in the instant case is not quite as patently absurd, it is not far off. The allegation in question – that the Mariposa County Jail maintained a municipal policy giving non-medically trained correctional staff authority to make the final determination about an inmate receiving medically necessary treatment – is facially implausible. Therefore, the Court cannot accept the formulaic recitation of the existence of such a policy. The Court acknowledges that Plaintiff has attached to his complaint documents that indicate someone at the Jail told Dr. Julian, one of Plaintiff's medical providers, that a surgery Dr. Julian deemed medically necessary "sounded more cosmetic" and that Dr. Julian noted in response that it "[s]ounds like corrections officers are practicing medicine and deciding on what treatment should or could be provided." SAC, Attachment A. The SAC also contains allegations that non-medical jail staff rejected the recommendations of multiple medical personnel in connection with Plaintiff's care. SAC, ¶¶ 20-25. But this is the kind of circumstantial evidence that might contribute to a custom or policy claim. It does nothing to establish the existence of a "formal or express" policy, especially in light of the facial implausibility of such a policy actually existing.

The *Monell* claim is DISMISSED. Because Plaintiff already has been given an opportunity to

7

amend his *Monell* claim, the Court finds that leave to amend is not appropriate at this time. Should discovery reveal evidence to support the existence of this facially implausible allegation, Federal Rule of Civil Procedure 15 provides a remedy for such a circumstance by way of a motion to amend.

Fremont also moves to remove the request for punitive damages from the SAC. In his opposition, Plaintiff indicates that punitive damages are asserted against only the individual, non-entity defendants. Therefore, the motion is DENIED AS MOOT both because the punitive damages prayer is not directed at Fremont and because Fremont is no longer a Defendant.

## V. <u>CONCLUSION AND ORDER</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Fremont's Motion to Dismiss (ECF No. 32) is **GRANTED IN PART** and **DENIED IN PART AS MOOT:**

1. Fremont's motion to dismiss Plaintiff's second cause of action for *Monell* liability is **GRANTED WITHOUT LEAVE TO AMEND**;
2. Fremont's motion to dismiss any punitive damages prayer against it is **DENIED AS MOOT**;
3. The Clerk of Court is directed to **TERMINATE** Fremont as a Defendant; and
4. This case shall remain OPEN.

IT IS SO ORDERED.

Dated: __**October 8, 2019**__     _____/s/ Lawrence J. O'Neill_____
UNITED STATES CHIEF DISTRICT JUDGE