# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF MARIPOSA, et al.,<br><br>　　　　Defendants. | Case No. 1:18-cv-01541-NONE-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION PURSUANT TO FED. R. CIV. P. 25(a)(1)<br><br>(ECF No. 49)<br><br>ORDER REQUIRING DEFENDANTS TO FILE PROOF OF SERVICE ON SUCCESSOR IN INTEREST WITHIN FIVE DAYS<br><br>OBJECTIONS DUE WITHIN NINETY DAYS |

On November 7, 2018, Jeffrey Brown ("Plaintiff") filed this civil rights action pursuant to 42 U.S.C. § 1983 against the County of Mariposa, Doug Binnewies, Cody Hart, Sean Land and the John C. Fremont Healthcare District. (ECF No. 1.) Following the filing of several motions to dismiss and amended complaints, this action is now proceeding on Plaintiff's second amended complaint against the County of Mariposa, Doug Binnewies, Cody Hard and Sean Land for deliberate indifference under section 1983, municipal liability under Monell v. Department of Social Services of the City of New York, 436 U.S. 658 (1978), and a state law claim under the Bane Act, Cal. Civ. Code § 52.1, et seq. (ECF Nos. 31, 39.)

On January 21, 2021, defense counsel filed a notice of suggestion of Plaintiff's death.

(ECF No. 49.) An order was filed on January 22, 2021, advising Defendants of the requirement that the notice be served on the successors in interest to trigger the ninety day period under Rule 25 of the Federal Rules of Civil Procedure. (ECF No. 50.) On February 25, 2021, a proof of service was filed showing that Lois Hall, as successor-in-interest to Jeffrey Brown, was personally served with the suggestion of death on February 23, 2021. (ECF No. 51.)

Rule 25(a)(1) provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. Federal law does not cover "the survival of civil rights actions under § 1983 upon the death of either the plaintiff or defendant." Robertson v. Wegmann, 436 U.S. 584, 589 (1978) (quoting Moor v. County of Alameda, 411 U.S. 693, 703, 702 n.2 (1973)); see also 42 U.S.C. § 1988(a). In determining if a cause of action survives the death of a party, the court looks to state law. See Chaudhry v. City of Los Angeles, 751 F.3d 1096, 1103 (9th Cir. 2014). Under California law, a plaintiff's claims for damages under section 1983 survive his death. Smith v. City of Fontana, 818 F.2d 1411, 1416 (9th Cir. 1987), overruled on other grounds by Hodgers-Durgin v. de la Vina, 199 F.3d 1037 (9th Cir. 1999) (applying California survivorship law to hold that a section 1983 claim could be asserted by the decedent's estate), see Cal. Civ. Proc. Code §§ 377.20 ("a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period"; Cal. Civ. Proc. Code § 377.21 ("A pending action or proceeding does not abate by the death of a party if the cause of action survives."); see also In re Estate of Ferdinand Marcos, Human Rights Litig., 25 F.3d 1467, 1476 (9th Cir. 1994) (stating that a section 1983 action "survives the death of a party").

A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. R. Civ. P. 25(a)(1). Rule 25(a) therefore "requires two affirmative steps in order to trigger the running of the 90 day period.' Gilmore v. Lockard, 936 F.3d 857, 865 (9th Cir. 2019) (quoting Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994); In re MGM Mirage Sec. Litig., 282 F.R.D. 600, 602 (D. Nev. 2012). The party must first formally suggest the death of the party upon the record. Gilmore, 936 F.3d at 865 (quoting Barlow, 39 F.3d at 233. Secondly, "the suggesting party must serve other parties and nonparty successors or representatives of the

deceased with a suggestion of death in the same manner as required for service of the motion to substitute." Id. Thus, a party may be served with the suggestion of death by service on his or her attorney, Fed. R. Civ. P. 5(b), while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); Barlow, 39 F.3d at 232-34. Here, Plaintiff's claims did not abate upon his death and Rule 25 is applicable.

If a motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). However, Rule 25 requires dismissal, absent a motion for substitution within the ninety-day period, only if the statement of death was properly served. Gilmore, 936 F.3d at 866–67 (stating Barlow is "understood as interpreting the 90-day rule judiciously: where a party files a suggestion of death, it must do so in a manner that puts all interested parties and nonparties on notice of their claims in order to trigger the 90-day window.").

Here, Defendant properly served the successor in interest by personally delivering a copy of the notice of suggestion of death on February 23, 2021. See Fed. R. Civ. P. 4(e)(2)(a) (providing for service "by delivering a copy of the summons and of the complaint to the individual personally"). The notice informed any potential successor in interest of the suggestion of death made under Rule 25(a)(1).[1] The ninety day period has now expired, and no motion for substitution has been filed.

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

Defendants are HEREBY ORDERED to serve a copy of this findings and recommendations on the successor in interest and file proof of service within **five (5) days** of the date of entry of this order.

---

[1] The notice of suggestion of death did not inform the successor in interest of the substance of the rule or that a motion for substitution must be made within ninety days. The ninety day deadline to file a motion for substitution may be extended by Rule 6(b), including after the expiration of a deadline where the party failed to act due to "excusable neglect." Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017) (quoting Fed. R. Civ. P. 6(b)); see also In re Cardoza, 111 B.R. 906, 910 (Bankr. S.D. Cal. 1990). Accordingly, the successor in interest may seek to substitute for the deceased plaintiff by arguing excusable neglect in failing to comply with the ninety day period.

3

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **thirty (30) days** of service of this recommendation, any party may file written objections to this findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 28, 2021**

UNITED STATES MAGISTRATE JUDGE